# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ISRAEL BERAY DAVIS**, | Case No. 3:21-cv-00829-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **JOHN EDWARD DAVIS, DON OLIVER DAVIS, WANDA HEATH WASHINGTON, LARRY DARNALE DAVIS, CARLA YEVETTE DAVIS, LANCE HARDCASTLE, ROSLYN DAVIS HOLT**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff brings this action under numerous alleged federal statutes, seeking "relief from orders, in Multnomah Court, restore [sic] custody, relief from order to restrain." ECF 3 at 4. This Court previously granted Plaintiff leave to proceed in forma pauperis. For the reasons set forth below, this Court dismisses Plaintiff's Amended Complaint, ECF 3, with leave to amend.

## LEGAL STANDARDS

Once a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from

PAGE 1 – OPINION AND ORDER

defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-29 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (provisions of 28 U.S.C. § 1915(e)(2) are not limited to prisoners).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Plaintiff is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## BACKGROUND

Plaintiff Davis filed his first complaint on June 1, 2021 without filing an application to proceed in forma pauperis. ECF 1. On June 15, 2021, Plaintiff filed his First Amended Complaint, ECF 3, an application to proceed IFP, and an application for CM/ECF Registration as a Self-Represented Party. ECF 3; ECF 4; ECF 5.

In his Amended Complaint, Plaintiff asserts that this Court has both diversity and federal question jurisdiction. ECF 3 at 3. This Court finds that diversity jurisdiction does not exist because Plaintiff states that he and two of the named Defendants live in Portland, Oregon. *Id*. at 1-2. As for federal question jurisdiction, Plaintiff names the following federal statutes: the ADA, Title III; ADA, Title II; ADA; Title IV; 42 U.S.C. §§ [no number]; 453 U.S. 1 (1981); civ §§ 3426.3; Bias, 28 U.S. 144. *Id*. at 3.

In his statement of the claim, Plaintiff writes, "Defendants in multiple states. More than 250,000 dollars involved. Plaintiff has durable power of attorney. Plaintiff has custody at Lidiam. Plaintiff has sustained multiple injurys [sic] by Defendants $ Bill [sic] in the $ 1000,000." *Id*. at 4.

PAGE 2 – OPINION AND ORDER

In his statement of requested relief, Plaintiff writes, "Relief from orders, in Multnomah Court, restore custody, relief from order to restrain, to [sic] burd[e]nsome, plaintiff is hospitalized, trouble walking, all in protective custody." *Id*. at 4.

## DISCUSSION

Plaintiff has failed to state a claim on all claims asserted.

28 U.S.C. § 144 provides procedures for a party obtaining a new federal district judge due to bias or prejudice of the judge. It explains that whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id*. In filing this action, Plaintiff appears to allege bias by a state court judge in an existing action in Multnomah County Circuit Court. 28 U.S.C. § 144 does not provide relief regarding alleged bias or prejudice of non-federal judges in state court proceedings. Further, Plaintiff provides no facts concerning existence of bias or prejudice.

"453 U.S. 1 (1981)" appears to refer to *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1 (1981). In this case, the Supreme Court explained that two federal statutes relating to water quality did not provide an implied right of action and that the federal common law of nuisance had been fully preempted in the area of ocean pollution. *Middlesex*, 453 U.S. at 11. It is unclear how this case supports a claim seeking the relief Plaintiff requests in his Amended Complaint, which mentions relief from state court orders, restoring custody, an order to restrain, and hospitalization.

Plaintiff also refers to Titles II, III, and IV of the Americans with Disabilities Act ("ADA"). Title II of the ADA forbids discrimination against disabled individuals in public services, while Title III prohibits the same in public accommodations. *PGA Tour, Inc. v. Martin*,

PAGE 3 – OPINION AND ORDER

532 U.S. 661, 675 (2001). Title IV prohibits retaliation. *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1073 (11th Cir. 1996).

To state a claim under Title II, Plaintiff must allege four elements: (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal citations and quotation marks omitted); *see also* 42 U.S.C. § 12132. Plaintiff has not provided facts to support a reasonable inference that these elements are satisfied. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" (internal quotations omitted)).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). Plaintiff has not provided facts to support a reasonable inference that these elements are satisfied. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" (internal quotations omitted)).

To establish a prima facie case of retaliation under Title IV, a plaintiff must show that (1) he engaged in a protected activity; (2) he suffered an adverse action; and (3) there was a causal

link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). Plaintiff has not provided facts to support a reasonable inference that these elements are satisfied. *See Iqbal*, 556 U.S. at 678.

This Court is uncertain what the alleged federal statutes "42 U.S.C. §§ [no number]" and "civ §§ 3426.3" are. Accordingly, Plaintiff fails to state a claim as to these claims as well.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Plaintiff's Amended Complaint, ECF 3, for failure to state a claim. Plaintiff may file an amended complaint within thirty days of the date of this Order, curing the deficiencies noted above. Failure to file an amended complaint will result in the dismissal of this proceeding, with prejudice.

**IT IS SO ORDERED**.

DATED this 2nd day of July, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge