IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ISRAEL BERAY DAVIS**,

    Plaintiff,

v.

**JOHN DAVIS, DON DAVIS, WANDA WASHINGTON (DAVIS), LARRY DAVIS, CARLA DAVIS, PETER DAVIS, ROSLYN DAVIS**,

    Defendants.

Case No. 3:21-cv-00829-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

    Plaintiff brings this action under numerous alleged federal statutes. This Court previously granted Plaintiff leave to proceed in forma pauperis ("IFP"). ECF 6. This Court dismissed Plaintiff's prior complaint, ECF 3, with leave to amend, ECF 7. On August 2, 2021, Plaintiff filed a motion for an extension of time, and this Court granted the motion. ECF 9; ECF 10. Plaintiff filed his Second Amended Complaint on August 9, 2021. ECF 11. For the following reasons, this Court dismisses Plaintiff's Second Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff fails to state a claim and amendment would be futile.

PAGE 1 – OPINION AND ORDER

## LEGAL STANDARDS

Once a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-29 (9th Cir. 2000) (en banc); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (explaining that provisions of 28 U.S.C. § 1915(e)(2) are not limited to prisoners).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Plaintiff is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## BACKGROUND

Plaintiff Davis filed his first complaint on June 1, 2021 without filing an application to proceed in forma pauperis. ECF 1. On June 15, 2021, Plaintiff filed his First Amended Complaint, an application to proceed IFP, and an application for CM/ECF Registration as a Self-Represented Party. ECF 3; ECF 4; ECF 5. In his First Amended Complaint, Plaintiff named the following federal statutes: the ADA, Title III; ADA, Title II; ADA; Title IV; 42 U.S.C. §§ [no number]; 453 U.S. 1 (1981); civ §§ 3426.3; Bias, 28 U.S. 144. ECF 3 at 3.

This Court dismissed Plaintiff's first amended complaint with leave to amend on July 2, 2021, providing guidance on the necessary elements to state claims under the statutes asserted. ECF 7. This Court denied Plaintiff's application for CM/ECF Registration as a Self-Represented Party because Plaintiff did not certify that he has reviewed the District of Oregon CM/ECF user manual and PACER training and did not sign the application form. ECF 8; *see also* ECF 5.

PAGE 2 – OPINION AND ORDER

Plaintiff filed his Second Amended Complaint on August 9, 2021.[1] ECF 11. Plaintiff cites entirely new bases for his claims, with the exception of 28 U.S.C. § 144, which this Court had previously explained does not support a cause of action. *See* ECF 7 at 3. Plaintiff alleges that Defendants "did [] defame, assault, gas light, steal, harass, intimidate, and collude to commit fraud with malicious intent." ECF 11 at 1. Plaintiff asks this Court "to reinstate the original orders," "parent @lidiam," "remove Don, Larry, and Carla, as well as John Davis from property by protective order," and "[r]eturn all documents, bonds, ID, Powers of attorney, that was removed from my possession." *Id*. at 2.

Plaintiff cites the following statutes: 42 U.S.C. § 3058i (directing state agencies regarding prevention of elder abuse, neglect, and exploitation); the Civil Rights Act of 1964; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; 28 U.S.C. § 144 (procedures for addressing bias or prejudice of judge); 18 U.S.C. § 1341 (criminalizing frauds and swindles); California Civil Code § 3426.3 (part of California's Uniform Trade Secrets Act regarding recovery for misappropriation); 18 U.S.C. § 2266 (defining bodily injury and course of conduct for purposes of 18 U.S.C. § 2261-2266, which criminalizes interstate domestic violence and stalking); 28 U.S.C. § 4101 (defining defamation for purposes of federal law governing enforceability of foreign defamation judgments); Oregon Rule of Professional Conduct 8.4 (misconduct provision of Oregon ethics rules); 18 U.S.C. § 2265 (full faith and credit given to protection orders for purposes of interstate domestic violence and stalking criminal provisions); and 18 U.S.C. § 641 (criminalizing embezzlement and theft of public money, property, or records). *Id*. at 2-6.

---

[1] Plaintiff still has not filed a new self-represented party application.

PAGE 3 – OPINION AND ORDER

# DISCUSSION

Plaintiff's Second Amended Complaint must be dismissed because to the extent this Court can discern the alleged facts, they do not support a cause of action within this Court's jurisdiction. Plaintiff appears to be unhappy with his family members and with a state court judge. *See generally id.*; ECF 3. Plaintiff fails to state a claim based on any of the legal grounds asserted.

This Court also concludes that amendment would be futile. This Court previously provided guidance on how to assert a claim under numerous provisions of the Americans with Disabilities Act, as that statute was the focus of Plaintiff's prior complaint. *See* ECF 3 at 3 (Plaintiff's First Amended Complaint); ECF 7 at 3-5 (Opinion and Order). This Court also explained that 28 U.S.C. § 144 does not support a private right of action against a state court judge. ECF 7 at 3. Here, Plaintiff asserts entirely new legal grounds that are even less availing, and again includes 28 U.S.C. § 144. Plaintiff does not appear to have any cognizable legal basis in mind for his claims and did not follow this Court's prior guidance. Accordingly, amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 107 (9th Cir. 2009) (noting that "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad" (internal quotation marks and citation omitted)); *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 2550053, at *1 (D. Or. May 19, 2020) (denying as futile further leave to amend where plaintiff's amended complaint failed to address deficiencies in the original complaint and instead alleged new, unrelated claims).

**A. Criminal statutory provisions**

As an initial matter, Plaintiff cites numerous federal criminal statutory provisions. *See, e.g.*, ECF 11 at 4 (citing 18 U.S.C. § 1341); *id.* at 4-5 (citing 18 U.S.C. § 2266), *id.* at 6 (citing 18

PAGE 4 – OPINION AND ORDER

U.S.C. § 2265 and 18 U.S.C. § 641). Plaintiff does not attempt to explain how these criminal provisions confer a private right of action on him and does not cite any authority supporting such a conclusion.

"The burden is on the plaintiff seeking to establish that a private right of action exists." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004); *see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (cautioning that the Court is "quite reluctant to infer a private right of action from a criminal prohibition alone"). Federal courts have concluded that the criminal provisions Plaintiff raises do not support a private right of action. *See, e.g., Ateser v. Bopp*, 29 F.3d 630, at *2 (Table) (9th Cir. 1994) (noting that courts "have consistently found" no private right of action for mail fraud under statutes including 18 U.S.C. § 1341) (collecting cases); *Humphrey v. Pa. Ct. of Common Pleas of Phila.*, 462 F. Supp. 3d 532, 534 n.2 (E.D. Pa. 2020) (explaining that dismissal of plaintiff's claims based on 18 U.S.C. § 2261-2262 was appropriate and citing "[n]umerous federal courts" finding the same); *Young v. Burlingham*, No. 2:21-cv-537-TLN-KJN-PS, 2021 WL 3472226, at *2 n.2 (E.D. Cal. Aug. 6, 2021) (finding same regarding 18 U.S.C. § 641); *Weinstein v. City of New York*, No. 13 CIV. 06301 LGS, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014), *aff'd*, 622 F. App'x 45 (2d Cir. 2015) (no private right of action under 18 U.S.C. § 641).

This Court finds these cases persuasive and accordingly concludes that Plaintiff does not state a claim relying on these criminal provisions.

**B. Plaintiff does not state a claim under federal law directing state agency elder abuse activity**

Plaintiff cites 42 U.S.C. § 3058i, which directs that a state agency "shall, in accordance with this section, and in consultation with area agencies on aging, develop and enhance programs

PAGE 5 – OPINION AND ORDER

to address elder abuse, neglect, and exploitation." 42 U.S.C. § 3058i(a). This statute does not confer a private right of action. *See Sohn v. Cal. Hous. Fin. Agency*, No. 20-cv-03780-BLF, 2021 WL 3173301, at *5 (N.D. Cal. July 27, 2021); *Wister v. White*, No. 19-cv-05882-WHO, 2019 WL 6841370, at *3 (N.D. Cal. Dec. 16, 2019), *appeal dismissed*, No. 19-17612, 2020 WL 7232219 (9th Cir. July 17, 2020), *cert. denied*, 141 S. Ct. 916 (2020) (finding complaint asserting same statute to be frivolous). Accordingly, Plaintiff fails to state a claim.

**C. Plaintiff's facts do not support a claim alleging Constitutional violations**

Plaintiff provides a definition and summary of the Civil Rights Act of 1964 and the Equal Protection Clause, but he does not provide any factual allegations explaining his claims with respect to these two authorities. *See* ECF 11 at 3. Furthermore, the factual allegations elsewhere in the Second Amended Complaint do not appear to relate to such claims. Some of the factual allegations concern conduct of Plaintiff's family members, who are not members of any government bound by the federal Constitution. Other factual allegations regarding state court-related actors do not relate to any defendant named in the Second Amended Complaint. In any event, the facts alleged regarding those state court actors do not remotely suggest a Civil Rights Act or Equal Protection Clause violation. *See id*. at 1-4. Plaintiff does not state a claim on these grounds.

**D. Plaintiff cannot state a claim under 28 U.S.C. § 144**

As in his first dismissed complaint, Plaintiff cites 28 U.S.C. § 144. *See* ECF 3 at 3; ECF 11 at 4. This Court explained in its prior dismissal order that this statute provides procedures for a party obtaining a new federal district judge due to bias or prejudice of the judge. ECF 7 at 3. The statute explains that whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

bias or prejudice . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id*. (internal quotation marks omitted) (quoting 28 U.S.C. § 144). In filing this action, Plaintiff appears to allege bias by a state court judge in an existing action in Multnomah County Circuit Court. *See* ECF 11 at 4. 28 U.S.C. § 144 does not provide relief regarding alleged bias or prejudice of non-federal judges in state court proceedings. Plaintiff does not state a claim on this ground.

### E.  Plaintiff cannot state a claim under the California Uniform Trade Secrets Act

Plaintiff cites California Civil Code § 3426.3, which is a provision of California's Uniform Trade Secrets Act and provides that a complainant "may recover damages for the actual loss caused by misappropriation." *Id*. at 4; Cal. Civ. Code § 3426.3. "Misappropriation" for purposes of the Uniform Trade Secrets Act means either acquisition of a trade secret or disclosure or use of a trade secret. *See* Cal. Civ. Code § 3426.1(b).

Plaintiff states that Defendants "enrich[ed] themselves" by neglecting their mother, "leaving [Plaintiff] to care for her almost 24 hours a day, while they go to work, play, go to church, invest and prosper as well as rest. . . . I've lost business deals directly because of this, and was feeding and taking care of mom with my funds, completely depleting funds meant for business." ECF 11 at 4. Plaintiff's concerns about unfair distribution of effort and expenses in caring for a relative do not come within the Code's definition of misappropriation. Accordingly, Plaintiff fails to state a claim.

### F.  Plaintiff does not state a claim under the SPEECH Act

Plaintiff cites 28 U.S.C. § 4101 for the definition of "defamation" for purposes of the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. §§ 4101-4105. *Id*. at 5. The SPEECH Act "makes foreign

defamation judgments unenforceable in the United States unless it can be shown that such judgments satisfy the protections of freedom of speech and press guaranteed by both the First Amendment to the United States Constitution and the constitution of the state in which the domestic court is located." *Ohno v. Yasuma*, 723 F.3d 984, 1004 n.22 (9th Cir. 2013). Plaintiff cannot state a claim under 28 U.S.C. § 4101, because that "is simply a definitional section (for statutes relating to foreign judgments) and does not provide for a private right of action." *Hall-Johnson v. City & County of San Francisco*, No. 18-cv-01409-LB, 2018 WL 9903325, at *9 (N.D. Cal. Sep. 6, 2018). Further, Plaintiff "makes no reference to a defamation judgment, let alone a foreign one." *Meniooh v. Humboldt County*, No. 20-cv-05634-RMI, 2021 WL 1222491, at *5 (N.D. Cal. Mar. 31, 2021) (citation omitted).

**G.  Plaintiff does not state a claim based on the Oregon Rules of Professional Conduct**

Plaintiff cites a comment to Rule 8.4 of the Oregon Rules of Professional Conduct for attorneys. ECF 11 at 5. Plaintiff does not mention a lawyer in his Second Amended Complaint or explain how this provision is related to his claims. Further, it does not appear that the Oregon Rules of Professional Conduct may be enforced by lawsuit brought by a private party, let alone by a lawsuit in federal court rather than Oregon state court. *See* Or. R. Prof. Cond. 8.5 (explaining that certain lawyers are "subject to the disciplinary authority of this jurisdiction"); *Crowe v. Oregon State Bar*, 989 F.3d 714, 720 (9th Cir. 2021) (explaining that subject to Oregon Supreme Court oversight, the Oregon State Bar "formulates and enforces rules of professional conduct," among other tasks) (citations omitted). This claim too fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Plaintiff's Second Amended Complaint, ECF 11, because it fails to state a claim. Dismissal is with prejudice because amendment would be futile, given how Plaintiff responded to this Court's prior order.

**IT IS SO ORDERED**.

DATED this 24th day of August, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
